Good morning, and may it please the Court. My name is Laura Alexander, and at Council's table is my co-counsel, Charles Kreinler. We are pro bono counsel for the appellant Richard Volis. Before I begin, I'd like to reserve two minutes of my time for rebuttal. Your Honors, a reversal of the District Court's Summary Judgment Order is warranted in this case. The issues of material fact remain as to Mr. Volis' discrimination and retaliation claims under the Americans with Disabilities Act and the Rehabilitation Act of 1973. First – What injury did Mr. Volis suffer here? Your Honor, Mr. Volis suffered pain and suffering that resulted from the denial of his request for an accommodation. They never denied? He sought three extensions of his Section 8 housing voucher, and the Housing Authority granted all three extensions? Yes, Your Honor. How can he possibly be harmed by that? Mr. Volis sought a fourth extension of his housing voucher for a period of time – Was granted for 30 days, and he never sought another one? Your Honor, the third request for an extension of time was the extension for 30 days. I have a cheat sheet here. September 4, he requests a voucher. October 22, HACLA responds, gives him an extension of 120 days. January 14 of 14, he requests another 120-day extension. He gets one for 60 days on February 18. April 16, 2014, without any further movement from Volis, HACLA grants another 60-day extension. January 18, 2014, Volis makes a request for an extension. Two days later, HACLA grants an extension for 30 days, and that's the end of the case. Your Honor, the record reflects that Mr. Volis requested a fourth extension of time in June 2014, and I would direct Your Honor to – June 18, 2014, request for extension. June 20, 2014, granted for 30 days. End of case. Your Honor, I would direct – He didn't ask after that. He did request a fourth extension of time, and that is in the district court's order. It is cited at ER 101. And he requested an extension of time beyond 270 days. Where is that request? It's at ER 101. Your Honor, July 30, this is a year later, July 30 of 15, he said he hadn't received notice of termination and asked what's the status of my Section 8 voucher. Yes, Your Honor, he did request an update regarding – I don't have any information that he made any requests after he was granted a 30-day extension on June 20, 2014. Your Honor, again, I would just direct you to the district court's order. Pull it up and read it to me. I don't have it. I mean, I can look at it, but you're the lawyer here. Your Honor, it's at ER 101. Read it to me. You said that three times. Would you find it and read it to us, please? Your Honor, I don't have a copy of the district court's order before me, but I'm happy to submit it later. All right, so you're saying there was a fourth request, and how long was that for? The fourth request was for a voucher extension beyond 270 days. And the fact that this fourth extension was requested by Mr. Vollis has never been contested. Okay, well, let me ask you this question. Where's the denial of this fourth extension? What page is that at? There is no evidence in the record that HACLA denied this fourth request for an extension. They just never responded to it. So where's the harm? They gave him 120 days, 120 days, 30 days. The law of the circuit is that there's no harm in failing to extend an extension. It seems like this individual was given a great deal of leniency and accommodation by the housing authority. Your Honor, I would refer you back to the July 30th email that you noted in which HACLA informed Mr. Vollis that his voucher had been terminated. So that is, in essence, the denial of his request for a fourth extension beyond 270 days. Let me ask you this. Where is the evidence that the denial or inaction by HACLA, by the housing authority, was motivated by the discrimination as to Mr. Vollis' disability? Yes, Your Honor. So in order to establish a prima facie case of retaliation, Mr. Vollis needs to establish before the trial court that HACLA denied a request for a reasonable accommodation. So the main issue in this case is whether Mr. Vollis' request for an extension beyond 270 days is a request for a reasonable accommodation. On its motion for summary judgment, the housing authority argued that it had no choice but to deny Mr. Vollis' request because an extension beyond 270 days was not permitted by its administrative plan. HACLA is essentially asserting that no request for an accommodation in the form of a voucher extension beyond 270 days would ever be reasonable for any disabled person in any circumstances. Wasn't the reason given by the housing authority that there was no evidence that Mr. Vollis had made any application, any rental application, for any space? So he hadn't really gone out and done something quite reasonable, which was to look for space and make a rental application? Yes, Your Honor. That is their argument, and I have two responses to that. That's the argument based on the record. There were no applications submitted by Mr. Vollis for any alternate accommodation, were there? Your Honor, there's a factual dispute there because there's... No, there's not a factual dispute unless you bring in some evidence that he made an application. Mr. Vollis' deposition where he represented himself pro se reflects that when he was asked whether he submitted any rental applications within the 270-day period, he responded that he doesn't recall. Is that evidence that he did it? It's not evidence that he did not submit a single rental application in 270 days. And the record also... Oh, yes, I did make a rental application. That would cause a tribal issue of fact. But when he says, I don't recall making any applications, does that cause a tribal issue of fact as to whether he made an application? Your Honor, what's important here is that the determination... No, did you get that picture? Did you get my question? Yes. Not what's important to you, but what's important to me, which is, does that create a tribal issue of fact? Your Honor... He didn't, says the housing authority, and he says, I don't recall. Does that create an issue of fact as to whether he did? It does, Your Honor, and I just want to also point out that... How is that logically possible? The determination of whether Mr. Vollis' request is a request for a reasonable accommodation. It's not just limited to whether he was diligent in his search for housing. It's broader than that. We have to look to his disability... All we're talking about is, is there a reasonable and non-discriminatory basis upon which the housing authority denied the extension? And the housing authority says the reasonable basis is he didn't make any rental applications. He was playing games with us. There is a tribal issue of fact as to whether Mr. Vollis' disabilities affected his search for housing. It's not just about... Is your position that his disabilities prevented him from making a rental application? Yes, Your Honor. How did he get into the place that he was living? His disabilities are psychological in nature. They're the exact disabilities that would affect his search for housing. And they also limited the type of housing that he could search for. Unless there are any further questions, I'd like to reserve the remainder of my time for rebuttal. Thank you. Good morning, Your Honor. This is Joseph Stark for the Housing Authority of the City of Los Angeles. May it please the Court... Where's this denial on page 101? He made a request for an extension, Mr. Vollis that is, June 18th, 2014. June 20th, your client granted an extension for 30 days and your opponent urges us to look at page 101 of the district court record and find a denial of that June 18th, 2014 request. I haven't been able to. Nor have I, Your Honor, but I would suggest that that's a reference to the response that was given to the July 30th, 2015 email advising Mr. Vollis that his voucher expired a year previously and that no further extensions... Well, let me get this right. My perspective is June 18th he requested, June 20th he was extended, 30 days go by, nothing happens until a year later he says, what's going on with my voucher and your client says it expired. Correct. So where's the standing to sue here? I've argued that Mr. Vollis has no cause of action from the motion to dismiss stage all the way through the motion for summary judgment. I don't think I can argue his case to you, but in due respect, I think that Mr. Vollis's position in this case is simply that the ADA requires an equivalency of outcome rather than an equivalency of access. Well, actually his contention is that because of his disability that mandating the 270 days in his case is not a reasonable accommodation for him. Well, first of all, the reasonable accommodation initially is the doubling of the time in which Housing Authority of the City of Los Angeles grants extensions for disabled individuals. Does TAC have a different standard for people with disabilities? Yes. Without disabilities or with? Is there a different standard for people with as opposed to without? Yes, Your Honor. As noted in our brief, the Housing Authority of the City of Los Angeles grants a voucher for 120 days to a non-disabled individual. They then indicate in their administrative plan that if there is a person with a disability, a reasonable accommodation will be made by granting additional extensions up to a maximum of 270 days. So, yes, there is a dramatic difference in the manner in which the Housing Authority deals with this. It stops at 270 days, but HUD would have allowed HACLA to grant further extensions, right? Well, Your Honor, the Housing Authority is bound by its published administrative plan. That is approved by HUD. It was subsequently implicitly approved by HUD again when Mr. Voles filed his fair housing claim with the department and the department found no reason to believe there was any discrimination based on the fact that he received the 270 days permitted under the administrative plan. HACLA is absolutely bound by that plan. So I'm questioning whether HACLA is required to make an individualized assessment of the needs of disabled persons who come before it or whether there's just a uniform 270-day rule that it stands by. I think that there are some grave dangers in imposing upon a PHA the obligation to make that kind of parsing decision or determination. Would a blind person... So the answer is no. I'm sorry, no. No, they do not. The answer is no. Now you're going to go into policy reasons. Policy reasons. We don't need to hear policy reasons for why no. But the answer is no. The answer is no. The Housing Authority should not be making that kind of parsing decision as to each individual and each circumstance. And in this case, I really do feel compelled to point out Mr. Voles has been or was a participant in the Section 8 program since 1993. He'd only resided in this current apartment from which he was obliged to remove himself for three years prior to this. So from 1993 all the way through 2014, he resided in a variety of different places, was able to find housing that suited his needs, suited his disabilities. Whatever the case, for that period of time, he was quite capable of doing that. And there's no evidence in the record that his condition changed or that anything changed to make it more difficult for him three years later. I think the Court has well grasped the issues in this case. I think that there is no issue of fact here. The trial court was quite correct in determining that the Housing Authority extended the most reasonable accommodations possible to Mr. Voles. And there's no evidence here that he ever suffered any damage. On the last point, the question of whether or not the retaliation can survive the discrimination dismissal, since they are the same acts, the same events, and the same alleged loss, it would be absurd, I think, to have the retaliation action go forward where the discrimination action is dismissed, given the fact that if the discrimination action is dismissed, all of the actions that the Housing Authority took were legal. All right. With that, I submit it. Thank you, Counsel. Thank you. Counsel, would you answer for me what are the tribal issues of fact that you think should go to a jury in this case? Yes, Your Honor. The first tribal issue of fact is whether the implementation of HACLA's 270-day limit in its administrative plan, in Mr. Voles' circumstances, violates his rights under the ADA. And for that issue of tribal fact, I would point this Court to Duval v. County of Kitsap, which stated that the ADA imposes… You didn't answer the judge's question. What is the fact that has to be tried? The fact is that HACLA argues that the implementation of its 270-day limit in its administrative plan complies with the law. We are… That's a legal issue. What is the fact that has to be tried? Your Honor, another tribal issue of fact that I would point this Court to is whether and to what extent Mr. Voles' disabilities affected his search for housing and whether his request for an accommodation beyond 270 days would then be reasonable. Okay. And which document do you point to to his request for the extension beyond 270 days? Again, I would point this Court to the District Court's order at ER 101, and I would also point this Court to the HUD investigation report, and that's at ER 229, where it's stated that Mr. Voles alleged that he made an accommodation request beyond 270 days. Is it your position that any denial of an extension would be unreasonable? No, Your Honor. Then what is different from this request to an indefinite extension? What's different here is that HACLA didn't individually analyze the circumstances of Mr. Voles' disabilities and what accommodation might be reasonable for him as required by this Court in Duval. They only looked at the limit in their administrative plan. And they also looked at the fact that he hadn't made any rental applications. He wasn't looking for a place, and he had been living in this Section 8 since 1993 in different places. Your Honor, Duval and the Supreme Court in Alexander v. Choate states that the determination of whether an accommodation is reasonable is not just limited to due diligence. It's about his disabilities and how those disabilities affected his need for an accommodation. What fact of his disability makes it reasonable for him not to be able to file a rental application? Your Honor, again, there's an issue of fact as to whether he submitted any rental applications in 270 days. Let's get past that. There's no evidence that he made a rental application. What issue of fact is there as to his disability which makes it impossible for him to make a rental application? Your Honor, Mr. Voles suffers from psychological disabilities and cognitive impairment. Was he able to make a rental application to the place where he lived? I'm sorry? He was able to make a rental application to the place where he was living? In 2010, yes. Mr. Voles is not saying that his disability... What happened between 2010 and 2014 to make it impossible for him to make a rental application? What issue of fact was presented by the record? He didn't have four years, Your Honor, to search for housing. He had 270 days. And he's not saying that he needs an extension until he can find housing. He's only looking for the opportunity to have an extension beyond 270 days to assist. Okay. Thank you. Thank you, Your Honor. Okay, thank you. And I also want to thank Shepard Mullen and the attorneys here today for taking on this matter pro bono. And both attorneys did a very good job. Thank you very much. Thank you very much. Voles v. Hakla is submitted.
judges: Wardlaw, Bea, Murphy